UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO R.R.,[1] A-244-354-556,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv- 02775 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. The petition, liberally construed, argues that petitioner's due process rights under the Fifth Amendment have been violated by his prolonged detention based on his immigration status as well as DHS's revocation of his release. Id. Petitioner seeks immediate release or a § 1226(a) bond hearing at which respondents must demonstrate by clear and convincing evidence that petition is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. As discussed below, the court recommends that petitioner's request for

---

[1] Petitioner has requested that the court abbreviate his last name in any opinion issued in his case. ECF No. 1 at 2, fn. 1.

1

habeas relief be granted, and that petitioner be immediately released with the same conditions he was subject to immediately prior to his detention.

I.    Factual Background

Petitioner is a native and citizen of Cuba who entered the United States from Mexico at and unknown place and time in January 2024.  ECF No. 8-1 at 2.  Border Patrol encountered him near Brownsville, Texas, on January 16, 2024, and paroled him into the United States.  Id.; ECF No. 8-2.  Petitioner also has a pending I-485 application with DHS to obtain his green card.  ECF No. 8-1.

In October 2025, petitioner was arrested following a traffic stop for driving under the influence.  ECF No. 8-2.  The criminal case for his misdemeanor DUI charge is now fully disposed, and he has no other criminal history.  Id. (Petitioner's Record of Arrests and Prosecutions, or "Rap Sheet").  Upon completion of his criminal sentence, petitioner was transferred from the Collier County Jail in Naples, Florida, to ICE custody where he has remained in immigration detention without an individualized bond hearing ever since.  ECF No. 8-1 at 2.  Petitioner was transferred between detention facilities in Florda, Arizona, Utah, New Jersey, and Louisiana before arriving at the Mesa Verde Detention Facility, where he is presented detained.  ECF No. 1.

II.    Procedural History

On April 13, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention.  ECF No. 1.  The petition asserts that petitioner's prolonged detention without a bond hearing violates due process, and that there was no lawful basis for DHS to have revoked his parole.  Id.  He also filed a motion for appointment of counsel, which is currently pending.  ECF No. 2.

On April 20, 2026, the undersigned ordered respondent to respond to the petition and directed respondent to "substantively address whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026) and Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar cases

previously decided by this court[.]"  ECF No. 6.  Respondent's answer states that this case is distinguishable from Lida G.B. v. Albarran and Chavarria v. Chestnut because unlike the petitioners in those cases, petitioner was "re-detained following law enforcement contact."  ECF No. 8 at 4.  However, respondent also concede that their legal position that noncitizens such as petitioner, who are present in this country after initially entering the United States illegally, constitute an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. 1225(b) is inconsistent with the caselaw of this district.  Id. at 3 ("Respondents acknowledge the cases to the contrary in this District.").

III.      Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.      Discussion

Although respondent presents facts to distinguish this case from the court's prior orders in Lida G.B. v. Albarran and Chavarria v. Chestnut, respondent concedes that their position is nevertheless at odds with other precedent from this district.  ECF No. 8 at 3.  To the extent respondent's reference to petitioner's criminal history is an attempt to negate his right to due process or suggest that a bond hearing is the proper remedy, the undersigned finds this factual distinction inconsequential to the issue presented.  Respondent argues petitioner is subject to mandatory detention under § 1225(b)(2), not § 1226(c),[2] and the present facts do not suggest that § 1226(c) is applicable.  ECF No. 8 at 2 ("Detention is mandatory under 8 U.S.C. § 1226(b).")

---

[2]  Section 1226(c) is the mandatory detention statute for noncitizens (1) with certain criminal arrests or convictions, or who are inadmissible or deportable based on security or other related grounds, and (2) who do not have a final order of removal.  8 U.S.C. § 1226(c)(1).

The undersigned therefore finds these facts do not materially distinguish this case from Lida G.B. v. Albarran and Chavarria v. Chestnut and other similar cases.  See e.g., Dixcon Jose P.C. v. Warden, California City Detention Facility, Case No. 1:26-cv-02658-TLN-CSK, 2026 WL 1045516 (E.D. Cal. April 16, 2026) (granting immediate release of petitioner who was released to ICE custody after serving sentence for DUI misdemeanor conviction on due process grounds); Jerzain L.R. v. Warden of the California City Correctional Center, et al., No. 1:26-cv-03296-TLN-SCR, 2026 WL 1295801 (E.D. Cal. May 12, 2026) (granting immediate release of petitioner who was arrested after appearing at state courthouse for pending DUI case on due process grounds); Vazquez-Reyes v. Warden, No. 1:26-cv-3122 DC AC, 2026 WL 1661346 (E.D. Cal. June 9, 2026) (granting immediate release of petitioner with past DUI misdemeanor convictions on due process grounds).

Considering the facts of this case and respondent's failure to materially distinguish this case from other precedent in this district, the undersigned adopts and incorporates by reference the reasoning in Lida G.B. and Chavarria, and finds that petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) prior to his detention.  See also Dixcon Jose P.C., 2026 WL 1045516, Jerzain L.R., 2026 WL 1295801.

Respondent does not assert any alternative basis for petitioner's detention and does not provide any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, and therefore the court also finds that the appropriate relief is petitioner's immediate release.  See Dixcon Jose P.C., 2026 WL 1045516, at *4; Jerzain L.R., 2026 WL 1295801, at *4.  Finally, the court declines to address any of petitioner's remaining arguments as they seek the same or similar relief (i.e., petitioner's immediate release), and his pending motion for appointment of counsel (ECF No. 2) should be denied as moot.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

4

a.  Respondents shall IMMEDIATELY RELEASE petitioner ALEJANDRO R.R., A-244-354-556, from custody, with the same conditions he was subject to immediately prior to his detention on March 13, 2026.  At the time of release, respondents must return all of petitioner's documents and possessions.

b.  Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d.  The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2.  Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

3.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE